**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000041
13-NOV-2014
08:49 AM**

NO. CAAP-12-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEDCOR - U.S. PACIFIC CONSTRUCTION LLC,
now known as LEDCOR CONSTRUCTION HAWAII LLC,
A Delaware Limited Liability Company, Plaintiff-Appellee,
v. LISA RENE JOSLIN, Defendant-Appellant, and
COMPLETE MECHANICAL INC., a Hawai'i Corporation,
JOHN AND JANE DOES 1-50, DOE CORPORATIONS 1-50,
DOE PARTNERSHIPS 1-50, DOE GOVERNMENTAL UNITS 1-50 and
DOE ENTITIES 1-50, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0341(1))


MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)


Defendant-Appellant Lisa Rene Joslin (**Joslin**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Defendant Lisa Joslin's Motions to Quash Service of Process, Vacate the Amended Default Judgment By Clerk Entered Against Her, and Vacate the Lien Recorded with the Bureau of Conveyances as Document No. 2011-125080, Filed August 26, 2011 (**Order Denying Set Aside**), which was filed on January 4, 2012, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

---

[1] The Honorable Rhonda I.L. Loo presided.

I.    RELEVANT FACTS

On May 26, 2010, Plaintiff-Appellee Ledcor Construction Hawaii, LLC (**Ledcor**)[2] filed a complaint against Joslin and Complete Mechanical Inc. (**CMI**).[3]  According to her declaration, Joslin was the Secretary/Treasurer and at times the Vice President of CMI.  The complaint alleged that Ledcor, as a general contractor, entered into two agreements with CMI, as a subcontractor, wherein CMI agreed to provide labor and materials to Ledcor.  The first contract related to construction on the Poipu Beach Hotel and was executed on November 14, 2005, while the second related to work on the Nanaikeola Senior Apartments and was executed on December 7, 2006.

On or about May 31, 2008, June 30, 2008, and July 31, 2008, as Secretary and Treasurer for CMI, Joslin signed vouchers and partial lien releases for the Poipu Beach Hotel project.  These vouchers/releases read, in relevant part:

> The undersigned certifies and agrees with respect to the above-referenced Job as follows:
>
> (a)    We have received payment in full for all labor and materials furnished by us up to and including the Certification Date stated below, with the exceptions of (i) the applicable Retention [and] (ii) the Progress Payment Now Due.
>
> (b)    We release the Lender, the Owner, the General Contractor, the owner(s) and Lessee(s), if any, of the Land on which the Job is located, all sureties, and Land itself, all improvements constructed on the Land, and any undisbursed loan proceeds applicable to the Job, from any and all equitable, statutory or other liabilities, liens, lien rights and claims (including mechanics and materialmen's liens and lien rights under Chapter 507 of the Hawaii Revised Statutes) which we may now have with respect to the Job on account of labor or materials furnished by us up to and including the Certification Date. . . . THIS RELEASE IS CONDITIONAL, HOWEVER, and shall be effective only upon payment to us of the Retention, if any, and the Progress Payment Now Due.
>
> (c)    Except as otherwise disclosed herein, all suppliers to us of material or labor, or both, with respect to the

---

[2]    Ledcor was formerly known as Ledcor-US Pacific Construction LLC.

[3]    It appears that CMI may be insolvent and that it no longer holds a contractor's license.  CMI did not seek relief from the Default Judgment.

> Job have been paid in full for the materials or labor furnished by them, up to and including the Certification Date . . . or will be paid promptly therefore . . . with the proceeds of any disbursement made pursuant to this voucher, which disbursement will be received by us for that purpose.

In reliance on the representation in paragraph (c), *i.e.* that CMI's contractors had been, or would promptly be paid in full, Ledcor made payments to CMI directly on or about May 31, 2008, June 30, 2008, and July 31, 2008. However, as alleged in Ledcor's complaint, CMI's subcontractors were not in fact paid. As a result, Ledcor subsequently paid an additional amount of $106,467.67 to CMI's subcontractors on the Poipu Beach Hotel project.

On or about June 30, 2008 and July 31, 2008, Joslin signed vouchers/releases for the Nanaikeola Senior Apartments project. The relevant language in these vouchers/releases was identical to the language quoted above. Again, Ledcor paid CMI directly based on the voucher representations and, again, Ledcor subsequently made additional payments of $50,969.38 to CMI's subcontractors because CMI failed to pay them.

In the complaint, Ledcor alleged non-disclosure of material facts, fraudulent inducement, intentional and negligent misrepresentation, and constructive fraud against Joslin for her misrepresentations that the subcontractors had been paid. Ledcor also alleged breach of contract claims against CMI. Ledcor sought an award of $106,467.67 plus interest against Joslin as damages arising out of the Poipu Beach Hotel project, and $50,969.38 plus interest as damages arising out of the Nanaikeola Senior Apartments project. The complaint also prayed for compensatory and punitive damages against CMI in an amount to be shown at trial, attorneys' fees, and "such other and further relief as th[e] Court deems just and fair in the circumstances."

On June 7, 2010, process server Gregory White (**White**) served Robert Joslin (**Robert**), the husband of Joslin and the President of CMI at the home he and Joslin shared in Wailuku, Maui. White attests that he served Robert with a second copy of

3

the complaint and summons for Joslin, as reflected in both White's affidavit and the Return and Acknowledgment of Service forms.

Neither defendant responded to the complaint and an Amended Default Judgment By Clerk (**Default Judgment**) was entered by the court clerk of the Circuit Court on July 25, 2011, which included the following:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff LEDCOR recover from Defendant LISA RENE JOSLIN and Defendant COMPLETE MECHANICAL INC., joint and severally, the sum of $202,814.69, together with costs of court in the sum of $559.97, and attorneys' fees in the sum of $15,324.60, for a total sum of $218,699.26.

The sum of $202,814.69 included the principal amount of $157,437.05, for the payments made to the subcontractors, plus pre-judgment interest in the amount of $45,377.64. In support of these amounts, Ledcor submitted the declaration of its vice president, Eric Tessem (**Tessem**). Ledcor's request for attorneys' fees and court costs was supported by Tessem's declaration as well as that of Ledcor's counsel, which attached counsel's invoices.

On August 26, 2011, Joslin filed a Motion to Quash Her Service of Process, Vacate the Amended Default Judgment by Clerk Entered Against Her, and Vacate the Lien Recorded with the Bureau of Conveyances as Document No. 2011-125080 (**Motion to Set Aside**). Joslin claimed, primarily, that Robert had only been served with one copy of the complaint and summons, that she had never been served, and that she only learned of the judgment against her when a title search revealed a judgment lien on a property she owned. Robert provided a declaration that he was served as president of CMI, that he told the process server Joslin was not at home, and that the process server told him he would return later to serve Joslin. Ledcor's opposition included an affidavit by the process server, White, again attesting to service of two copies of the complaint and summons, and that Robert refused to sign the acknowledgment of service for Joslin.

4

The Circuit Court entered the Order Denying Set Aside on January 4, 2012. Joslin timely appealed the order.

II. POINTS OF ERROR

Joslin raises the following points of error on appeal:[4]

(1) The Circuit Court erred in the Finding of Fact (**FOF**) 4 and Conclusion of Law (**COL**) 3, both of which provide: "The Court finds that the service of the Complaint and Summons upon [Joslin] was proper, and that accordingly, there is no basis to quash service of process as requested by [Joslin]";

(2) The Circuit Court erred in entering FOF 2, which states that the Default Judgment was entered against Joslin based upon misrepresentations she made to Ledcor;

(3) The Circuit Court clerk lacked the authority under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 55(b)(1) to award attorneys' fees, pre-judgment interest, and enter the judgment amount, as well as declare Joslin and CMI jointly and severally liable for the full amount of the judgment; thus, the Default Judgment should have been set aside as void under HRCP Rule 60(b)(4); and

(4) The Circuit Court erred in FOFs 6, 7, 8, and 9 and COLs 5, 6, 7, and 8, which find and conclude that Joslin failed to establish all three of the elements necessary to set aside the Entry of Default and Default Judgment.

III. APPLICABLE STANDARDS OF REVIEW

An order denying a motion to set aside a judgment pursuant to HRCP Rule 60(b)(1) or 60(b)(6) is reviewed under the abuse of discretion standard. Hawai'i Hous. Auth. v. Uyehara, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994); Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 254, 65 P.3d 1029, 1046 (2003).

> [T]he trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Abuse of discretion occurs when "the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."

---

[4] To facilitate the discussion herein, Joslin's points of error are re-ordered.

5

Ranches v. City and Cnty. of Honolulu, 115 Hawai'i 462, 468, 168 P.3d 592, 598 (2007) (citations omitted).

However, a circuit court's determination that a judgment is void under HRCP Rule 60(b)(4) is reviewed under the *de novo* or right/wrong standard. Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 195, 268 P.3d 443, 448 (App. 2011).

"[A] trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed." Chun v. Bd. of Trs. of the Emps. Ret. Sys. of the State of Haw., 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citations and internal quotation marks omitted). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. [The Hawai'i Supreme Court has] defined 'substantial evidence' as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (citations and internal quotation marks omitted).

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [The appellate court] ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

Chun, 106 Hawai'i at 430, 106 P.3d at 353 (citations and internal quotation marks omitted).

IV.  DISCUSSION

A.  Service of Process on Joslin

Joslin argues that the Default Judgment against her is void due to improper service of process of Ledcor's summons and complaint. As this court has previously held:

6

The determination of whether a judgment is void is not a discretionary issue. We thus review *de novo* the circuit court's ruling that the default judgment was void.

A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. In order for a trial court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons and the complaint pursuant to HRCP Rule 4(d).

Wagner, 126 Hawai'i at 195, 268 P.3d at 448 (citations and internal quotation marks omitted); see also Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000).

HRCP Rule 4(d)(1) (2012) provides, in relevant part, that service shall be made as follows:

Upon an individual other than an infant or an incompetent person, ... by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]

Here, on June 7, 2010, Ledcor's process server, White, filed two separate documents entitled Return and Acknowledgment of Service. The first one certified service of the complaint and summons on Robert, as President of CMI, on June 7, 2010; Robert signed the Return, acknowledging service. The second one certified service of the complaint and summons on Robert, for Joslin, indicating that service was substitute service on Robert, as Joslin's husband, for Joslin, also on June 7, 2010. The second Return and Acknowledgment of Service indicated that Robert "refused to sign" for Joslin. On December 9, 2010, White filed an affidavit, which indicated that he had inadvertently misspelled "Joslin" as "Joslyn" on both June 7, 2010 Returns, and affirmatively avowed that Robert had agreed to accept service for Joslin.

With Joslin's Motion to Set Aside, on August 26, 2011, Robert submitted a Declaration, in which he averred that, when he was served for CMI, Joslin was not at home and "[t]he server stated that he would coming [sic] back to serve her whereupon he

left the house with the balance of the documents he had been holding." Robert's Declaration arguably implied, but did not expressly state, that he only received one copy of the complaint and summons.

With its memorandum in opposition to the Motion to Set Aside, Ledcor submitted a further affidavit of White, which averred, *inter alia*:

> 5.     I specifically recall serving ROBERT JOSLIN with two (2) copies of the Complaint and Summons, one copy for Defendant LISA RENE JOSLIN, and one copy for Defendant COMPLETE MECHANICAL, INC. ("Defendant CMI").

> 6.     I recall ROBERT JOSLIN advising me that his wife was on the mainland for some type of cancer treatment, and also specifically recall that ROBERT JOSLIN accepted service for Defendant LISA RENE JOSLIN, but refused to sign the Acknowledgment of Service, and I therefore wrote in his name and noted "Refused to Sign" on the Acknowledgment of Service.

After considering the parties' submissions and the record of this case, including the Return and Acknowledgment of Service on Joslin, White's affidavits, and Robert's Declaration, and hearing the arguments of the parties, the Circuit Court denied the Motion to Set Aside. Joslin elected not to order the transcript of the hearing to be included in the record and submits that it is not necessary to her appeal, noting in her reply brief that the transcript merely reflected the arguments of counsel and that no evidence was presented at the hearing on the Motion to Set Aside.[5] Upon review of the record on appeal, we cannot conclude that the Circuit Court erred in its review of evidence presented and, therefore, will not disturb the Circuit Court's finding and conclusion that Joslin was properly served. See Bartolome, 94 Hawai'i at 431; 16 P.3d at 836.

B.     FOF 2

FOF 2 provides, in relevant part, "an Amended Default Judgment has been entered in favor of [Ledcor] and against . . .

---

[5]     There is nothing in the record to suggest that Joslin sought to present evidence (other than by declaration), sought to compel the attendance of witnesses, and/or otherwise requested an evidentiary hearing.

8

[Joslin] . . . based upon misrepresentations made by [Joslin.]" Joslin appears to contend that this is erroneous because, pursuant to HRCP Rule 55(b)(2), a default judgment must be based on a failure to appear.[6] This argument is without merit. The Default Judgment herein was entered against Joslin based upon Joslin's failure to appear. Ledcor's prayer for relief against Joslin, as set forth in the complaint, was for damages resulting from Joslin's "non-disclosure of material facts and fraudulent inducement, and/or intentional or negligent misrepresentation, or constructive fraud[.]" "Generally, a default judgment constitutes a binding adjudication of all the rights of the parties embraced in the prayer for relief which arise from the facts stated in the complaint." Matsushima v. Rego, 67 Haw. 556, 559, 696 P.2d 843, 845 (1985). Thus, although the Default Judgment was based on Joslin's nonappearance, by operation of the judgment, it also adjudicated the parties' rights based upon Ledcor's prayer for relief which arise from the facts stated in the complaint, i.e., that Joslin made misrepresentations to Ledcor.

    C.    The Clerk's Authority to Enter the Default Judgment

    Joslin argues that the Default Judgment is void, and therefore should have been set aside pursuant to HRCP Rule 60(b)(4), because the clerk lacked the authority to enter the principal amount of the damages award, pre-judgment interest, attorneys' fees, and a determination of joint and several liability. Before we reach the merits of these arguments, we note that Joslin failed to raise these arguments in her Motion to Set Aside. Joslin's only argument that the Default Judgment was void was based on the alleged insufficiency of service of process, which is addressed above. Joslin's argument that she was otherwise entitled to relief from the Default Judgment was based solely on her request that the Circuit Court exercise its

_____

    [6]    We note that the Default Judgment was entered under Rule 55(b)(1), not 55(b)(2), as the entry was made by the clerk, not the court.

discretion to grant relief pursuant to HRCP Rule 60(b)(6). Thus, our analysis here is whether the Circuit Court plainly erred by failing to conclude, *sua sponte*, that the Default Judgment was void because the court clerk lacked the authority to enter the Default Judgment.

> In civil cases, the plain error rule is only invoked when "justice so requires." We have taken three factors into account in deciding whether our discretionary power to notice plain error ought to be exercised in civil cases: (1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import.

U.S. Bank Nat. Ass'n v. Castro, 131 Hawai'i 28, 42, 313 P.3d 717, 731 (2013) (citations omitted).

We conclude that if a court clerk entered a default judgment in favor of one party and against another without any legal authority for doing so, even if the matter was not properly brought before a reviewing trial court in conjunction with the defaulted party's HRCP Rule 60(b) motion, such action might affect the integrity of the trial court's findings on that motion and might constitute an issue of sufficient public import to warrant the exercise of this court's discretion to conduct a plain error review. Accordingly, we examine Joslin's arguments, notwithstanding her failure to raise them below.

Joslin argues, in effect, that the Circuit Court plainly erred because the court clerk lacked the authority to enter the principal amount of the damages because Ledcor's claim against her was not for a "sum certain or for a sum which can by computation be made certain," as is required for a judgment by default to be entered by the clerk.[7] Joslin supports her

---

[7] HRCP Rule 55(b) provides:

(b) *Judgment.* Judgment by default may be entered as follows:
(1) BY THE CLERK. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount
(continued...)

argument by attacking the nature, quantum, and quality of the evidence submitted in and with the Tessem declaration in support of Ledcor's Request for Default Judgment. However, these are issues that might have been presented as defenses to Ledcor's claims and are not directly relevant to the clerk's legal authority to enter a default judgment. Indeed, to the extent Joslin touched upon any of these issues below, she did so only in the context of her purportedly "meritorious defenses" warranting relief under HRCP Rule 60(b)(6). Moreover, the case cited on this appeal by Joslin, in support of this particular argument, involved a federal district **court**'s entry of a default judgment pursuant to federal parallel to HRCP Rule 55(b)(2), which is inapposite to Joslin's argument that the Default Judgment entered by the **clerk** pursuant to HRCP 55(b)(1) is void under HRCP Rule 60(b)(4) because the clerk lacked authority. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1 (1st Cir. 2003).

The plain language of HRCP Rule 55(b)(1) grants the Circuit Court's clerk the authority to enter the principal amount of a default judgment, if it appears that plaintiff's claim is

---

[7](...continued)
and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
(2) BY THE COURT. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

11

for a sum certain or for a sum which can by computation be made certain. Thus, we reject Joslin's argument that the Default Judgment is void pursuant to HRCP Rule 60(b)(4) on this ground. The question remains, however, whether the Circuit Court abused its discretion in otherwise denying Joslin relief from this part of the Default Judgment when it denied the Motion to Set Aside.

Before reaching that issue, however, we address whether the clerk lacked the authority to enter an award of pre-judgment interest and attorneys' fees, and a determination of joint and several liability.

In civil cases, HRS § 636-16 (1993) vests the trial court with the authority and discretion to award pre-judgment interest, as follows:

> **§ 636-16  Awarding interest.** In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

See also, e.g., Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 136, 839 P.2d 10, 36 (1992) ("Prejudgment interest, where appropriate, is awardable under HRS § 636-16 in the discretion of the trial court."). Almost by definition, a court clerk's powers are ministerial, involving no exercise of discretionary judicial powers. See Price v. Obayashi Hawaii Corp., 81 Hawai'i 171, 179, 914 P.2d 1364, 1372 (1996) (reserving enforcement of rules to judicial officers, rather than court clerks); Ting v. Born, 21 Haw. 638, 643 (Haw. 1913) ("It will be observed that the application is not to be made to a judge or to a judicial tribunal, exercising judicial powers, but to the clerk, a ministerial officer."); accord U.S. v. Rainbolt, 543 F. Supp. 580, 581 (E.D.Tenn. 1982) (in the absence of a statutory provision, pre-judgment interest may only be awarded in the discretion of the court); Combs v. Coal & Mineral Mgmt. Servs., Inc., 105 F.R.D. 472, 474 (1984) ("Rule [55(b)(1)] carefully limits the clerk's authority to those cases where entry of

judgment is purely a ministerial act, since 'sound policy dictates that the clerk should not be invested with discretionary power.'") (citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2683 (2d ed. 1983)).

Accordingly, we conclude that a court clerk has no authority to exercise discretionary powers under HRCP Rule 55(b)(1), as would be necessary to award pre-judgment interest. As noted above, a "judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Wagner, 126 Hawai'i at 195, 268 P.3d at 448 (citations and internal quotation marks omitted; emphasis added). We further conclude that, to the extent that the court clerk, in effect, exercised judicial discretion to award pre-judgment interest in favor of Ledcor and against Joslin without legal authority, such action is inconsistent with due process of law. Therefore, the clerk's award of pre-judgment interest in the Default Judgment is void.

Similarly, we conclude that, without legal authority, the court clerk necessarily exercised judicial discretion when it awarded attorneys' fees in favor of Ledcor and against Joslin. Accord Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985); Combs, 105 F.R.D. at 475. Moreover, the record of this case is devoid of any legal authority for the award of such fees, and we find none. In TSA International, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) (citations omitted), the Hawai'i Supreme Court set forth general principles related to the recovery of attorneys' fees:

> Generally, under the "American Rule," each party is responsible for paying for his or her own litigation expenses. A notable exception to the "American Rule," however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement.

Unlike Ledcor's breach of contract claims against CMI, Ledcor's misrepresentation claims against Joslin sounded in tort and not assumpsit. Hawai'i statutes do not provide general

authorization to trial courts, much less court clerks, to award attorneys' fees to prevailing parties in tort actions. See Kamalu v. Paren, Inc., 110 Hawai'i 269, 275, 132 P.3d 378, 384 (2006); cf. HRS § 607-14 (providing authority for the court to award reasonable attorneys' fees in assumpsit cases). Accordingly, we conclude that, to the extent that the court clerk, in effect, exercised judicial discretion to award attorneys' fees in favor of Ledcor and against Joslin without legal authority, such action is inconsistent with due process of law. Therefore, the clerk's award of attorneys' fees in the Default Judgment is void.

Finally, with respect to the issue of joint and several liability, the complaint herein prayed for damages against Joslin personally for misrepresentations made to Ledcor and damages against CMI resulting from CMI's alleged breaches of contract. Neither the record on appeal nor Ledcor's brief to this court present any legal authority regarding the determination of whether or not, under Hawai'i law, Joslin and CMI can and/or should be held jointly and severally liable in light of the mixed prayer for relief in this case. Such a determination must be made by judicial decree, rather than a ministerial act. On this record, we conclude that the Default Judgment is void to the extent that it assesses joint and several liability.

D.   HRCP Rule 60(b)(6) Relief

The Hawai'i Supreme Court has held:

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976) (citations omitted). As noted above, a trial court's denial of a motion to set aside a default judgment is reviewed for an abuse of discretion.

14

In the Motion to Set Aside, Joslin argued that she would be greatly prejudiced if the court failed to set aside the default judgment because she had a meritorious defense, and that Ledcor would suffer no prejudice "unless its case is without merit." Joslin did not specifically address the third prong of the BDM test, instead pointing out that she filed the Motion to Set Aside within one day of learning that the judgment lien "showed up on a title report" for one of the Joslins' properties, which was less than thirty days after the entry of the Amended Default Judgment. Joslin's entire argument that she has a meritorious defense,[8] as set forth in the Motion to Set Aside, was as follows:

> It is Lisa's contention that each of the five [voucher/release] forms contains language in paragraph (b) in capital letters as follows: "THIS RELEASE IS CONDITIONAL, HOWEVER, and shall be effective only upon payment to us of the Retention, if any, and the Progress Payment now due". It is Lisa's contention that Plaintiff did not make full progress payments and that payments of retentions never occurred. (Robert Declaration paragraphs 27 and 28). Therefore Plaintiff had not complied with the terms of the agreement and Lisa appropriately and legally signed those forms as a corporate officer. In fact, it is Lisa's contention that when the relationship between Plaintiff and CMI ended, Plaintiff owed CMI approximately $500,000.00 and was a significant cause in CMI's demise and insolvency.

In opposition, on the issue of Joslin's purportedly meritorious defense, Ledcor argued, *inter alia*, that Joslin had certified that CMI's subcontractors had been paid in full, or would be promptly paid with the disbursements made pursuant to the vouchers, that Ledcor relied on that representation and made the subject payments solely to CMI, rather than CMI and the subcontractors jointly, and that Ledcor subsequently was obligated to make payments to CMI's unpaid subcontractors.

Ledcor argued that the conditional release language in paragraph (b) was irrelevant to the issue of Joslin's

---

[8] Although Joslin somewhat expanded on this argument in her reply memorandum, at no point did Joslin deny certifying the subject vouchers/releases, which included the representations that all suppliers had been paid or would be paid with the proceeds of any disbursement made pursuant to that voucher.

15

misrepresentations concerning payments to CMI's subcontractors; rather, at most, it would have been potentially relevant to whether Ledcor otherwise owed additional payments to CMI, in which case the condition to CMI's lien releases would not have been satisfied.

On the issue of inexcusable neglect, Ledcor argued, *inter alia*, that Joslin, as well as CMI, had been properly served more than a year earlier and, rather than defending against Ledcor's claims, neither CMI nor Joslin answered the complaint; instead, Joslin elected to disregard the lawsuit.

On the issue of prejudice to Ledcor, Ledcor argued that the subject transactions had occurred over three years earlier, that Ledcor had paid out substantial amounts based on the misrepresentations, that CMI had since been dissolved, was apparently insolvent, and was beyond recourse, and that Joslin's recent acquisition of a title report strongly suggested an intent to transfer the property subject to the judgment lien, and an attempt to avoid payment on the judgment lien.

The Circuit Court applied the BDM test and entered the following FOFs, which are challenged by Joslin on appeal:[9]

> 6.      The Court finds that Defendant LISA JOSLIN has failed to establish all three of the elements necessary to set aside the Entry of Default and the Amended Default Judgment.
>
> 7.      Defendant JOSLIN has failed to establish that she has a meritorious defense to Plaintiff LEDCOR's claims.
>
> 8.      Defendant JOSLIN has failed to establish that her default was not the result of inexcusable neglect or a wilful act.
>
> 9.      Defendant JOSLIN has failed to establish lack of prejudice to Plaintiff LEDCOR, the non-defaulting party.

On the record in this case, we conclude that the Circuit Court did not abuse its discretion when it denied Joslin's Motion to Set Aside. Joslin failed to demonstrate that she has a meritorious defense to Ledcor's claims of

---

[9]      These FOFs are also entered, nearly verbatim, as COLs 5, 6, 7, and 8.

misrepresentation. Joslin did not deny certifying that all suppliers had been paid or promptly would be paid from disbursements, that such representations were untrue, that Ledcor relied on her representations in making payments solely to CMI, or that, as a result, Ledcor subsequently was obligated to make payments to CMI's unpaid subcontractors; nor did she proffer any other evidence or arguments to this effect. Nor did Joslin make any argument or offer any evidence that the principal amount of the damages, in the sum of $157,437.05, was erroneous because Ledcor's claim was not for a "sum certain or for a sum which can by computation be made certain." Joslin's general averment that Ledcor owed CMI "approximately $500,000" does not leave this court with a firm conviction that a mistake has been made. The fact that CMI's lien releases were conditional is not directly relevant to Ledcor's misrepresentation claims against Joslin, notwithstanding that, had CMI defended the action, CMI theoretically might have pursued counterclaims against Ledcor.

As we have determined that Joslin was properly served, her argument that her default was due to excusable neglect is without merit. Joslin offered no other excuse for her neglect in responding to the complaint.[10] The fact that Joslin reacted promptly to the discovery of the judgment lien on her real property does not excuse her earlier default.

Finally, the Circuit Court's finding that Joslin failed to establish lack of prejudice to Ledcor is not merely based on the fact that Ledcor would be required to prove its case "without the inhibiting effect of the default upon the defaulting party." See BDM, 57 Haw. at 77; 549 P.2d at 1150. The passage of time, the demise of CMI, and Joslin's apparent desire to grant a lender a (superior) security interest in the property subject to

---

[10] On appeal, Joslin also argues that the Motion to Set Aside should have been granted under HRCP Rule 60(b)(1) due to her mistake or excusable neglect. This argument was not raised in the Circuit Court proceedings, is not identified in the points of error, does not warrant plain error review, and therefore, will be disregarded as a separate ground for appellate relief. See HRAP Rule 28(b)(4).

Ledcor's judgment lien,[11] taken as a whole, support the Circuit Court's determination.

Accordingly, we conclude that the Circuit Court did not abuse its discretion in denying Joslin's Motion to Set Aside as to the principal amount of the damages awarded to Ledcor in the Default Judgment.

V.    CONCLUSION

For these reasons, the Circuit Court's January 4, 2012 Order Denying Set Aside is affirmed in part and vacated in part, as set forth above; this case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, November 13, 2014.

On the briefs:

Tom Pierce
Joseph A. Wolsztyniak
for Defendant-Appellant

Roy T. Ogawa
Kurt K. Leong
(Ogawa, Lau, Nakamura & Jew)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[11]    Robert submitted a declaration that the title report was related to an attempt to secure a loan.